# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL CONTRERAS,<br><br>                      Plaintiff,<br>vs.<br><br>SYED H. AHMED; EFRAIN A. GUERRERO; JOSE A. ROCAMORA; MAHOMED J. SULIMAN; JOHN P. SULLIVAN; JOHN WILLIAMS; HOSPICE OF YUMA, INC.; CAROL DAVIS; ERIKA MARTINEZ; YUMA REGIONAL MEDICAL CENTER,<br><br>                      Defendants. | CASE NO. 10-CV-1272-IEG (AJB)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>[Doc. No. 2] |

      Plaintiff Miguel Angel Contreras ("Plaintiff") proceeding pro se has filed a Complaint for civil rights violations pursuant to 42 U.S.C. § 1983, along with a motion to appoint counsel.[1] (Doc. Nos. 1 & 2.) Plaintiff requests the Court appoint an attorney for him who specializes in wrongful death and medical malpractice. For the reasons stated herein, the Court DENIES Plaintiff's motion to appoint counsel.

      The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Servs., 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to

---

[1] Plaintiff filed a First Amended Complaint on June 21, 2010.

1  appoint counsel for indigent persons under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d
2  1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both
3  the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se
4  in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both
5  must be viewed together before reaching a decision." <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d
6  1328, 1331 (9th Cir. 1986)).

7  Upon review, the Court concludes neither the interests of justice nor exceptional circumstances
8  warrant appointment of counsel at this time. Plaintiff has not demonstrated there is a danger of losing
9  his physical liberty, nor that he is indigent. In fact, Plaintiff states, "I am not claiming to be
10 economically disadvantaged," and "I probably can afford to obtain a private attorney." Rather, the
11 basis for Plaintiff's motion is that he has been unable to find an attorney willing to represent him on
12 a contingency fee basis. In addition, the Court is unable to assess the potential merit of Plaintiff's case
13 based on the Complaint, or from the documentation of Plaintiff's search for an attorney, which he has
14 also submitted.

15 Accordingly the Court DENIES the motion for appointment of counsel.

17 **IT IS SO ORDERED.**

19 **DATED: June 29, 2010**

20                                        _____
21                                        **IRMA E. GONZALEZ, Chief Judge**
                                       **United States District Court**